# Court of Appeals
# of the State of Georgia

ATLANTA,  January 05, 2026

*The Court of Appeals hereby passes the following order:*

**A26D0254. NADIA L. LEWIS v. FIRST KEY HOMES LLC.**

On November 25, 2025, the magistrate court entered an order granting a writ of possession and awarded money damages to plaintiff First Key Homes LLC. On December 11, 2025, defendant Nadia L. Lewis filed this application for discretionary appeal, seeking to appeal the November 25 order. We lack jurisdiction.

Ordinarily, the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b), which provides for appellate review in the state or superior court. See *Tate v. Habif*, 367 Ga. App. 435, 438–39(2) (886 SE2d 389) (2023); see also OCGA § 5-3-4 (a) (providing that state and superior courts have appellate jurisdiction over final judgments of lower judicatories). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See *Harris v. Reserve at Hollywood LLC*, 376 Ga. App. 553, 553 (920 SE2d 163) (2025).

The Georgia Constitution provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b). As such, this Court at times has transferred applications seeking review of magistrate court orders back to the magistrate court with direction to send the case to state or superior court. Here, however, Lewis's application is untimely because it was filed more than 7 days after the entry of the magistrate court's order. See OCGA § 44-7-56(b)(1); *Stubbs v. Local Homes*, 375 Ga. App. 513, 515-516 (915 SE2d 91) (2025) (while applications for discretionary review generally may be filed

within 30 days of entry of the order sought to be appealed, an application in a dispossessory proceeding must be filed within 7 days of the order on appeal); accord *Harris*, 376 Ga. App. at 553. The deadlines for filing applications for discretionary review are jurisdictional, and this Court cannot accept an application not made in compliance therewith. *Harris*, 376 Ga. App. at 553. Thus, we decline to transfer this case back to magistrate court with direction to send the case to state or superior court. Rather, this untimely application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __01/05/2026__

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*